UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY THIBODEAUX | CIVIL ACTION |
| VERSUS | NO. 17-17701 |
| DARRYL VANNOY ET AL. | SECTION "E"(2) |

## REPORT AND RECOMMENDATION FOR STAY ORDER

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. It may be one of those rare petitions filed by a prisoner in proper person that warrants federal habeas corpus relief. However, the strongest basis that might support such relief – a standalone claim that petitioner's Confrontation Clause rights were violated, compounded by the admission of his counsel that counsel knew nothing about the Confrontation Clause at the time of trial – has not been exhausted in the state courts. Comity and the obligation of this court to defer to the preeminent position of the state courts in this circumstance mandate requiring plaintiff to exhaust his state court remedies. To preserve his federal habeas corpus rights, however, I recommend that this court STAY this case while plaintiff pursues exhaustion of review of his substantial standalone Confrontation Clause claim in the state courts.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Timothy Thibodeaux is an inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. On September 21, 2009, Thibodeaux was charged in a grand jury indictment in Lafourche Parish with one count of aggravated rape of a minor, his daughter C.T., and with one count of aggravated incest of a minor, his daughter A.T.[1] After a one-day bench trial on June 20, 2011, Thibodeaux was found guilty as charged.[2] He was sentenced to life in prison plus 50 years without benefit of parole on September 12, 2011.[3]

At trial, the assistant district attorney and Thibodeaux's trial attorney stipulated that Thibodeaux and his attorney viewed the following audio video interview of the child victims from the Children's Advocacy Center of Lafourche Parish: (1) video of C.T. dated 10/4/07; (2) video of C.T. dated 8/5/09; (3) video of A.T. dated 10/4/07; (4) video of A.T. dated 8/5/09. In 2007, C.T. was nine years old and A.T. was seven years old.[4] Those four videos were the only exhibits introduced into evidence.[5] The children did not testify at trial.

---

[1] In accordance with La. Rev. Stat. § 46:1844(W), the state courts referred to the victims of these sex crimes by their initials. This court will do the same. State Rec. Vol. 1 of 3, Grand Jury Indictment, 9/21/09.

[2] State Rec. Vol. 1 of 3, Trial Transcript at p. 222 (Judge John E. LeBlanc), 6/20/11.

[3] Id., Hearing on Motion for New Trial and Sentencing Transcript at pp. 29, 31 (Judge LeBlanc), 9/12/11.

[4] Id., Stipulation, 6/20/11.

[5] Id., List of Exhibits, 12/1/11.

The State called Sergeant Toby Gambarella and Shannon Gros as witnesses.[6] In October 2007, Gambarella worked in the Lafourche Parish Sheriff's Office juvenile investigations division. Gambarella testified that he was present for the separate interviews of C.T. and A.T. on October 4, 2007, and that Lafourche Parish Sheriff's Office and Children's Advocacy Center of Lafourche Parish protocol was followed. He stated that protocol dictated that no attorneys were present during either of the girls' interviews, and that only the forensic interviewer, Shannon Gros, was in the room with the girls. Gambarella testified that he did not "feel there was enough probable cause to make an arrest" in 2007. He stated that he was also present for the separate interviews of C.T. and A.T. on August 5, 2009, and that C.T.'s 2009 interview was more detailed in terms of what happened with her father.[7]

Shannon Gros testified that he was a forensic interviewer at the Children's Advocacy Center of Lafourche Parish at the time of the interviews. He described the Children's Advocacy Center as "a place where children are brought to be interviewed by a forensic interviewer utilizing what we call a 'multiple disciplinary approach' where members of the multidisciplinary team, who are currently involved in an investigation, monitor the interview from an observation room." Gros identified the October 4, 2007 and August 5, 2009 videos of C.T. and A.T., which were offered, filed and introduced

---

[6] Id., Trial Transcript at pp. 25-68, 100-124 (Sergeant Toby Gambarella); pp. 68-96 (Shannon Gros), 6/20/11.

[7] Id., Trial Transcript at pp. 26-27, 28-30, 33, 38, 104 (Sgt. Gambarella), 6/20/11.

3

into evidence as State's Exhibits Nos. 1, 2, 3 and 4. After each video was offered, filed and introduced into evidence at trial, the court asked defense counsel if he had any objections, and each time he answered, "No objection."[8]

After Gros' testimony, court recessed to watch all four videos in the jury room. Present in the jury room were the judge, the assistant district attorney, her secretary, counsel for Thibodeaux, Thibodeaux himself, the judge's minute clerk and the bailiff.[9] Deputy Gambarella was then called back to the stand, and he testified that no physical examinations were done on either child in 2007 or 2009.[10]

The defense called defendant Thibodeaux as its only witness.[11] Thibodeaux denied that any of his daughters witnessed him and his wife engaging in sexual activities, and he denied exposing himself to his daughters. He testified that he always slept clothed, and that he always locked the door when he was in the bathroom. Thibodeaux denied ever doing anything inappropriate with any of his daughters. He admitted that he and his wife watched pornographic videos, but he testified that they did so out of the sight of their daughters. Thibodeaux described two instances when he found his oldest

---

[8] Id., Trial Transcript at pp. 68, 71, 75-81 (Gros), 6/20/11.

[9] Id., Trial Transcript at p.99 (Judge LeBlanc), 6/20/11.

[10] Id., Trial Transcript at pp. 101, 104 (Sgt. Gambarella), 6/20/11.

[11] Id., Trial Transcript at pp. 124-178 (Timothy Thibodeaux), 6/20/11.

4

daughter, C.T., beginning to watch one of the videos, but he testified that he caught her when the video was in the opening credits before anyone appeared on screen.[12]

At the end of the trial, the judge stated, "Without [C.T.] and [A.T.] making the statements in 2009, this case is over." He found, based on C.T.'s and A.T.'s videotaped statements, that the state proved beyond a reasonable doubt the charges of aggravated rape and aggravated incest. The judge found Thibodeaux guilty on both counts.[13]

During a state district court hearing on September 12, 2011, concerning Thibodeaux's motion for new trial and sentence, the judge addressed his review of "the transcript of the trial and the discussions of Counsel prior to the calling of witnesses, as well as the arguments, objections, and statements of Counsel during the trial." The judge stated:

> There was no objection to the tapes coming in of the victim's statements. In fact, almost the opposite was true. It was almost as if they were more than happy to have the tapes to be shown. There was no objection to foundation, as was the case in [State ex rel. LW, 40 So.3d 1220 (La. App. 1 Cir. 2010)]. There was no objection as to capacity of the children. <u>There was no objection as to confrontation</u>.
> . . .
> I don't even remember one request to have the children produced or the State making any statement that the children were not going to be produced. The children weren't even discussed."

---

[12] Id., Trial Transcript at pp. 135, 137, 139-43, 145, 154 (Thibodeaux), 6/20/11.

[13] Id., Trial Transcript at pp. 221-22 (Judge LeBlanc), 6/20/11.

5

The judge found that the State did not have a burden to call the children to the stand, and he found no basis for granting Thibodeaux's motion for new trial and sentence.[14]

Thibodeaux filed a direct appeal in the Louisiana First Circuit Court of Appeal, which rendered judgment affirming his convictions and sentences on September 21, 2012. In its opinion, the Louisiana First Circuit summarized the trial as follows:

> At trial, the State presented evidence of defendant's offenses primarily through videotaped interviews of victims, which were conducted at the Lafourche Children's Advocacy Center ("CAC"). The evidence supporting defendant's convictions was included in separate interviews conducted with C.T. and A.T. on August 5, 2009, when the victims were in the custody of a foster parent. C.T. stated during her interview that defendant had inserted his penis into her vagina one night while she was living in her mother's trailer. A.T. stated during her interview that defendant twice touched her private area with his hands. According to A.T., defendant had once touched the outside of her private area, under her underwear. A.T. said that on another occasion, defendant inserted his finger into her vagina. Both C.T. and A.T. stated that these incidents occurred prior to their placement into foster care, which occurred in late 2007.[15]

Thibodeaux's writ of certiorari to the Supreme Court of Louisiana was denied on May 17, 2013.[16]

Thibodeaux filed an application for post-conviction relief in the 17th Judicial District Court for Lafourche Parish on December 19, 2013.[17] In his supporting

---

[14] State Rec. Vol. 2 of 3, Hearing on Motion for New Trial and Sentences Transcript, pp. 17-20, 9/12/11 (emphasis added).

[15] Id., Louisiana First Circuit Court of Appeal Opinion, 2012 KA 0146, pp. 2-3, 13, 9/21/12.

[16] Id., Supreme Court of Louisiana Writ Denied, 3/17/13; State v. Thibodeaux, 117 So.3d 509 (La. 2013).

[17] State Rec. Vol. 2 of 3, Application for Post Conviction Relief, 12/19/13.

memorandum, Thibodeaux alleged ineffective assistance of counsel, which included an allegation that his counsel failed to assert his rights under the Confrontation Clause.[18] During the post-conviction relief hearing held on October 15, 2015, Thibodeaux's trial attorney admitted that he was <u>not</u> aware "of the law on the Confrontational (sic) Clause in the Constitution" at the time of trial. Counsel further stated, "I failed to properly represent him . . . . he didn't get an opportunity to prepare and to deal with those issues on the people that had confronted him, and I failed to call the witnesses that clearly should have been called: his mother-in-law, his wife, his older child." Despite Thibodeaux's attorney's admission that he was ineffective, the judge denied Thibodeaux's application for post-conviction relief because Thibodeaux did not provide evidence that, but for his trial attorney's deficient representation, the result of the trial would have been different.[19]

On April 26, 2016, the Louisiana First Circuit granted in part and denied in part Thibodeaux's application for supervisory writs. The appellate court reversed the district court's ruling denying post-conviction relief, reversed Thibodeaux's convictions, vacated his sentences and remanded the matter to the district court for a new trial. In its opinion, the Louisiana First Circuit stated that,

---

[18] <u>Id.</u>, Memorandum of Law in Support of Post Conviction Relief, 12/19/13.

[19] State Rec. Vol. 3 of 3, Postconviction-Relief Hearing Transcript, pp. 21, 27, 67, 10/15/15 (citing <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)).

>   the videotaped interviews of the victims were the linchpin of the prosecution's case. There is no indication, however, that the State made the victims available at trial for trial for cross-examination, in person or by closed circuit television. Therefore, the use of the videotaped interviews as evidence, without affording relator an opportunity to exercise his right of cross-examination of the victims, <u>violated relator's right to confrontation</u>.[20]

The Louisiana Supreme Court granted certiorari on October 27, 2017, and found that Thibodeaux had <u>not</u> asserted a standalone Confrontation Clause claim in his application for post conviction relief.[21] The court stated:

>   Defendant did not raise a standalone confrontation violation claim in his application for post-conviction relief. . . . "[A]ppellate courts will not consider issues raised for the first time" in appellate court. . . . defendant made no showing at the evidentiary hearing that the child victims were unavailable to testify at trial, and he impermissibly sought to shift his <u>post-conviction burden of proof</u> to the state by asserting that *the state* failed to demonstrate these witnesses' availability *vel non* to testify.[22]

The Supreme Court of Louisiana granted Thibodeaux's writ application, reversed the court of appeal in part, and reinstated the district court's ruling denying the application for post-conviction relief, thus reinstating Thibodeaux's conviction and sentence.[23]

---

[20] State Rec. Vol. 3 of 3, Louisiana First Circuit opinion granting in part and denying in part Thibodeaux's application for supervisory writs, 4/26/16 (citation omitted); Louisiana First Circuit Opinion, 2015-KW-1823 (emphasis added).

[21] Id., Supreme Court of Louisiana granting Thibodeaux's writ of certiorari and/or review, 10/27/17.

[22] Id., Supreme Court of Louisiana per curiam opinion, 10/27/17; State v. Thibodeaux, 227 So.3d 811, 812 (La. 2017) (citations omitted) (emphasis added).

[23] State v. Thibodeaux, 227 So.3d 811, 812 (La. 2017).

8

II.     FEDERAL HABEAS PETITION

On December 20, 2017, Thibodeaux filed a federal habeas corpus petition in this court. Read in combination, his form petition and the incorporated by reference supporting brief he attached to it asserts the following grounds for relief: (1) He received ineffective assistance of counsel at trial; specifically in that his counsel failed to (a) call certain witnesses in his defense; (b) "conduct a proper investigation to learn facts necessary to present a full and proper defense and present evidence favorable" to the defense, including by interviewing available witnesses, such as Sabrina Thibodeaux, to determine that "at least one of his accusers was an habitual liar . . . who was informed to falsely accuse" him; preparing viable theories of defense; and cross-examining the witnesses against him.[24] (2) The trial court erred in sentencing him on Count 2 under La. Rev. Stat. §14.78.1(D)(2). (3) His Confrontation Clause rights were violated in that he was not afforded an adequate opportunity to cross-examine witnesses against him, including in the victims' out-of-court videotaped statements that were used against him at trial.[25]

In its response, the State concedes that "the petition appears to be timely,"[26] and I find that conclusion supported by the record. The State argues that Thibodeaux's

---

[24] Record Doc. No. 6-1 at pp. 21,27-28,32-33 of 125.

[25] Id. at pp. 1, 20, 39-40.

[26] Record Doc. No. 11 at p. 6.

9

ineffective assistance of counsel claims are meritless.[27] Finally, it argues that Thibodeaux "never raised" his standalone Confrontation Clause claim in the state courts on direct appeal or during post-conviction proceedings and that his failure to exhaust his state court remedies requires dismissal of that claim.[28]

III. EXHAUSTION STANDARDS

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added).

The State concedes, and it appears from the record, that Thibodeaux has exhausted his first claim of ineffective assistance of counsel and his second claim involving sentencing, which were addressed on direct appeal through the Louisiana Supreme Court.[29] Thibodeaux reasserted his claims on post-conviction review.[30] This case, which includes both exhausted and unexhausted claims, is therefore a "mixed petition," that

---

[27] Id. at pp. 6-8.

[28] Id. at pp. 9-10.

[29] Record Doc. No. 11 at pp. 7-8.

[30] State v. Thibodeaux, 227 So.3d 811 (La. 2017).

10

may be dismissed without prejudice for that reason. Whitehead, 157 F.3d 387 (citing Nobles, 127 F.3d at 420); see also Pliler v. Ford, 542 U.S. 225, 233 (2004) (citing Rose, 455 U.S. at 510). In Pliler, however, the Supreme Court also addressed the availability of a stay-and-abeyance in connection with "mixed petitions" for habeas relief containing both exhausted and unexhausted claims. Id., 542 U.S. at 227. The Court has held that it is sometimes appropriate for a federal district court to stay federal habeas corpus proceedings to allow a petitioner to present his unexhausted claims to the state courts. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). The Court has also expressly permitted the filing of protective federal habeas corpus petitions and accompanying motions to stay to allow for complete exhaustion and protect a petitioner's right to federal review. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).

The Rhines Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. Id. at 277 (emphasis added). Stays are improper when the unexhausted claims are "plainly meritless" or when the petitioner has engaged in "abusive litigation tactics or intentional delay." Id.

Rather than address Thibodeaux's petition in a piecemeal fashion, I recommend granting a stay sua sponte because he has not exhausted his state court remedies, and he asserts a colorable standalone Confrontation Clause claim that has never been addressed on its merits by the Louisiana Supreme Court. The seeming violation of Thibodeaux's

11

Confrontation Clause rights was compounded by the performance of his admittedly incompetent counsel. Thus, his claims are <u>not</u> plainly meritless and should be reviewed on the merits. Because he is proceeding pro se, dismissing his case for failure to exhaust exposes him to the risk of later time bar of a petition that has currently been submitted to this court in a timely fashion. Under these circumstances, good cause exists to stay this petition.

In the instant case, as the Louisiana appellate court noted, the videotaped interviews of the victims were the linchpin of the prosecution's case. No other direct witness testimony or physical evidence of the crimes was presented at trial. There is no indication that the State made the victims available at trial for cross-examination, or that there was any pre-trial evidentiary hearing concerning the videotaped statements. The Louisiana First Circuit found sua sponte that "the use of the videotaped interviews as evidence, without affording [Thibodeaux] an opportunity to exercise his right of cross-examination of the victims, violated [his] right to confrontation."[31]

The Confrontation Clause of the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."[32] In an obvious attempt to protect this important constitutional

---

[31] State Rec. Vol. 3 of 3, Louisiana First Circuit opinion granting in part and denying in part Thibodeaux's application for supervisory writs, 4/26/16 (citation omitted); Louisiana First Circuit Opinion, 2015-KW-1823.

[32] U.S. Const. amend. VI.

right, La. Rev. Stat. § 15:440.5(A)(8) states, "The videotape of an oral statement of the protected person made before the proceeding begins may be admissible into evidence <u>if</u>: (8) The protected person is <u>available</u> to testify." A recent decision by the Louisiana Supreme Court concerning availability is inapplicable to this case. In <u>Kennedy</u>, the court found no violation of the Confrontation Clause, reasoning that even if defense counsel had objected to the admissibility of the video, the child was still "available to testify" under La. Rev. Stat. § 15:440.5(A)(8) and the Confrontation Clause because she took the stand.[33] In the instant case, there was no discussion of the victims' availability to testify before or during trial, and the girls were never called to the stand.

The Louisiana Supreme Court has held that when the videotaped interviews of child witnesses were the linchpin of the prosecution's case, the prosecution's failure to call the children to the stand was fatal error on Confrontation Clause grounds.[34] The court examined three United States Court of Appeals for the Fifth Circuit decisions and found that the Fifth Circuit,

> has specifically considered the question of whether the use by the state of a recorded interview of a child alleged to be a victim of sexual abuse, without the state calling the child as a witness, violated the defendant's right of confrontation. The Fifth Circuit has repeatedly found that this practice is a violation of the right of confrontation.

---

[33] <u>State v. Kennedy</u>, 957 So.2d 757, 777 (La. 2007), <u>rev'd on other grounds</u>, 554 U.S. 407 (2008).

[34] <u>State v. Carper</u>, 41 So.3d 605, 611-13 (La. 2010).

To support its finding, the Louisiana Supreme Court cited Lowery v. Collins, 988 F.2d 1364 (5th Cir. 1993); Shaw v. Collins, 5 F.3d 128 (5th Cir. 1993); and Offor v. Scott, 72 F.3d 30 (5th Cir. 1995).[35] In Lowery, the Fifth Circuit held:

> The confrontational safeguards approbated by the Supreme Court in [Maryland v. Craig, 497 U.S. 836 (1990)] were conspicuously absent during Lowery's trial; clearly, the procedure did *not* "preserve[] all other elements of the confrontational right." For example, the state does not here assert [and the] record does not reflect that, before the interview, the competency of the witness to testify was determined; or that the child was under oath during the interview; or that Lowery had an opportunity for a full and contemporaneous cross-examination of the child-complainant during the interview; or that the observable demeanor of the boy gave the jury the opportunity that was sanctioned in Craig to determine the child's veracity.[36]

In Shaw, the Fifth Circuit stated that "The State correctly assumes that its failure to call [the child victim] to testify at trial violated Defendant['s] Confrontation Clause rights." The court held that the state's error was not harmless because the "videotaped testimony was the linchpin in the State's case," and "the videotape substantially and injuriously influenced the state court's finding of guilt." The child in Shaw, like the child in Lowery, was not under oath during the video, and there was no determination of her competency to testify before trial.[37]

---

[35] Id.

[36] Lowery v. Collins, 988 F.2d 1364, 1369 (5th Cir. 1993).

[37] Shaw v. Collins, 5 F.3d 128, 130, 132-33 (5th Cir. 1993) (citing Lowery, 988 F.2d at 1369-70).

14

Also citing Lowery, the Fifth Circuit in Offor held that "the admission of the videotape [interview of the 10-year-old child victim] violated the Confrontation Clause. . . . Nor is it an answer that the defendant might have called the child in order to cross-examine." The court added that "The Confrontation Clause exists in part to keep criminal proceedings fair, and the admission of the videotape casts serious doubts on the fairness of Offor's trial."[38]

Based on the previously cited Fifth Circuit precedent and Louisiana's witness availability requirement, Thibodeaux's standalone Confrontation Clause claim may serve as the basis ultimately for federal habeas corpus relief. It is not plainly meritless. In fact, the Louisiana appellate court has already sua sponte concluded that Thibodeaux's Confrontation Clause rights were violated. The Louisiana Supreme Court declined to address the issue on its merits or to uphold the appellate court's decision only because the appellate court had raised it sua sponte without it first having been asserted in and addressed by the lower state courts. Thibodeaux has pursued relief pro se. His trial counsel was plainly and admittedly incompetent, at least in terms of his knowledge of the Confrontation Clause. Under these circumstances, I cannot conclude that Thibodeaux has engaged in abusive litigation tactics or intentional delay. Defendants will not be prejudiced by a brief delay in the resolution of Thibodeaux's federal claims.

---

[38] Offor v. Scott, 72 F.3d 30, 33-34 (5th Cir. 1995).

15

For all of the foregoing reasons, a stay of this case is appropriate, while Thibodeaux is required to return to the state trial court, assert and then exhaust his state court remedies as to his standalone Confrontation Clause claim. If no relief is obtained in the state courts, he may then return to this court for full merits review of all of his claims.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Thibodeaux's federal habeas corpus proceeding under 28 U.S.C. § 2254 be **STAYED** and the case **CLOSED** for all administrative and statistical purposes, pending exhaustion of his unexhausted Confrontation Clause claim.

IT IS FURTHER RECOMMENDED that Thibodeaux be required to move to re-open this matter within sixty (60) days after finality of all state post-conviction review through the Louisiana Supreme Court related to the unexhausted claim.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served

with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[39]

New Orleans, Louisiana, this ___10th___ day of August, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[39]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

17