UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY THIBODEAUX,**<br>    Petitioner | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-17701** |
| **DARRYL VANNOY, ET AL.,**<br>    Defendants | **SECTION: "E"(2)** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Donna Currault, recommending Petitioner Timothy Thibodeaux's petition for Writ of Habeas Corpus[2] be dismissed with prejudice. Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[3] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation[4] as its own and hereby **DENIES** Petitioner's application for relief.

## BACKGROUND

The underlying facts of this case and its lengthy procedural history are outlined in depth in the Magistrate Judge's Report and Recommendation and need not be repeated here.[5] However, a brief outline of the outcome of Petitioner's state-court requests for postconviction relief is useful for the resolution of this case.

On June 20, 2011, Petitioner was convicted in a bench trial of aggravated rape of his minor daughter, C.T., and aggravated incest of his second minor daughter, C.T. a/k/a

---

[1] R. Doc. 31.
[2] R. Docs. 6, 16.
[3] R. Doc. 32.
[4] R. Doc. 31
[5] *Id.*

1

A.T., in the Louisiana 17th Judicial District Court.[6] He was sentenced to life in prison for aggravated rape and fifty years in prison for aggravated incest.[7] At trial, the State introduced audio video interviews with the child victims to prove its allegations but did not call the children to testify in person.[8] Petitioner's counsel did not object.[9] After his conviction was affirmed on appeal, Petitioner's conviction became final on August 15, 2013, when the time to file a writ of certiorari to the United States Supreme Court expired.[10]

Petitioner first filed for postconviction relief in the state court in 2013, arguing he received ineffective assistance of counsel, primarily because his counsel did not object to use of the videos at his trial in violation of the Confrontation Clause.[11] Petitioner maintains he also raised a standalone Confrontation Clause violation.[12] Ultimately, in 2017 the Louisiana Supreme Court denied Petitioner's application for postconviction relief because it found Petitioner did not demonstrate prejudice as a result of his ineffective assistance of counsel and because Petitioner did not raise a standalone Confrontation Clause claim the state courts could address.[13] Petitioner filed for postconviction relief in this Court in 2017,[14] but this Court stayed federal postconviction

---

[6] R. Doc. 6-1 at 1-2. As the Magistrate Judge noted, pursuant to La. Rev. Stat. § 46:1844(W), Louisiana state courts identify juvenile victims and family by initials. Because the victims in this case had the same initials, the state courts and the Magistrate Judge referred to the younger victim as A.T. based on a nickname. This Court does the same.
[7] *Id.*
[8] R. Doc. 32 at 3.
[9] *Id.*
[10] *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review.").
[11] R. Doc. 6-1 at 3, 89-116.
[12] R. Doc. 32 at 3-4.
[13] *Louisiana v. Thibodeaux*, No. 2016-KP-0994 (La. 10/27/17), 227 So. 3d 811; R. Doc. 6-2 at 52-55.
[14] R. Docs. 1, 6.

relief proceedings until Petitioner could exhaust his standalone Confrontation Clause claim in state court.[15]

Petitioner returned to state court in 2018 to file a second application for postconviction relief asserting his standalone Confrontation Clause claim, which the Louisiana Supreme Court ultimately denied on July 24, 2020, as untimely and repetitive of his earlier application.[16] The Louisiana Supreme Court declined to consider Petitioner's application for rehearing.[17] Having exhausted his standalone Confrontation Clause claim, Petitioner moved to reopen his federal application for postconviction relief in this Court,[18] which this Court granted.[19]

## **STANDARD OF REVIEW**

In reviewing the Magistrate Judge's Report and Recommendations, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[20] As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[21] A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[22] The magistrate judge's

---

[15] R. Doc. 13.
[16] *Louisiana v. Thibodeaux*, No. 2019-KP-01663 (La. 7/24/20), 299 So. 3d 58.
[17] *Louisiana v. Thibodeaux*, No. 2019-KP-01663 (La. 11/24/20), 305 So. 3d 102; R. Doc. 29.
[18] R. Doc. 14.
[19] R. Doc. 15.
[20] *See* 28 U.S.C. § 636(b)(1)(C) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[21] *Id*. §(b)(1)(A).
[22] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

3

legal conclusions are contrary to law when the Magistrate Judge misapplies case law, a statute, or a procedural rule.[23]

## DISCUSSION

### A. Standalone Confrontation Clause Claim

Petitioner presented a standalone Confrontation Clause claim in his second application for postconviction relief in state court. He labelled this filing a "motion to correct error," but the state courts interpreted it as a second application for postconviction relief and addressed the standalone Confrontation Clause claim.[24] Accordingly, Petitioner has now exhausted his standalone Confrontation clause claim. Even if the claim is not exhausted, this Court exercises its authority to overlook any failure to properly exhaust to consider Petitioner's claim.[25]

The Magistrate Judge found this Court is barred from reviewing Petitioner's standalone Confrontation Clause claim because the Louisiana Supreme Court denied it on independent and adequate state procedural grounds, namely as untimely and repetitive under Louisiana Code of Criminal Procedure articles 930.8 and 930.4.[26] Petitioner objects to the Magistrate Judge's finding. He argues the Louisiana Supreme Court incorrectly denied his second postconviction application as untimely and repetitive because he labelled his filing a "motion to correct error," not a second application for postconviction relief.[27] Additionally, he maintains he included his standalone

---

[23] *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *see also Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016) ("A legal conclusion is contrary to law when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure.") (internal quotation marks and citation omitted).
[24] *See* R. Doc. 16-1 at 18-19, 23-24; *Thibodeaux*, No. 2019-KP-01663 (La. 7/24/20), 299 So. 3d 58.
[25] 28 U.S.C. § 2254(b)(2).
[26] R. Doc. 31 at 14-27.
[27] R. Doc. 32 at 3.

Confrontation Clause claim in his first state application for postconviction relief.[28] Petitioner also argues the Louisiana Supreme Court did not give him an opportunity under Louisiana Code of Criminal procedure article 930.4(F) to explain he had not previously submitted the standalone Confrontation Clause claim in his first state application because he thought it was already included there.[29]

A "limit on the scope of federal habeas review is the doctrine of procedural default."[30] "If a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the prisoner has procedurally defaulted his federal habeas claim."[31] Procedural default bars a federal court from reviewing the merits of the defaulted claim.[32] In order for a state procedural restriction to bar a federal court's review of the merits, it must be both independent—that is, the state court must "'clearly and expressly' state[] that its judgment rests on a state procedural bar"[33]—and adequate—that is, the "state rule must be 'firmly established and regularly followed.'"[34] The question of adequacy is "itself a question of federal law," but federal courts cannot review alleged errors in the application of state procedural rules because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."[35]

---

[28] *Id.* at 3.
[29] *Id.*
[30] *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).
[31] *Id.* (first citing *Coleman v. Thompson*, 501 U.S. 722, 731–32, (1991); the citing *Harris v. Reed*, 489 U.S. 255, 262–63, (1989); and then citing *Wainwright v. Sykes*, 433 U.S. 72, 81, (1977)).
[32] *Rhoades v. Davis*, 914 F.3d 357 (5th Cir. 2019).
[33] *Rhoades*, 914 F.3d at 372 (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)).
[34] *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009)).
[35] *Lee v. Cain*, No. 03-2626, 2004 WL 2984274, at *1 n.2 (E.D. La. Dec. 6, 2004) (quoting *Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir.1999)) (refusing to examine alleged errors in the application of the procedural bar to applications for postconviction relief in Louisiana Code of Criminal procedure article 930.3).

On federal habeas review, the Court looks to the last reasoned opinion of the state courts to determine whether denial of relief was on the merits or based on state law procedural grounds.[36] In this case, on July 24, 2020, the Louisiana Supreme Court found Petitioner's second application untimely and repetitive under Louisiana Code of Criminal Procedure articles 930.8 and 930.4. Article 930.8 states in relevant part, "No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final." Article 930.4 states in relevant part, "A successive application shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."

The Louisiana Supreme Court expressly cited articles 930.8 and 930.4, indicating the reasoning for its holding was independent of federal law. Moreover, the Fifth Circuit has held that invocation of article 930.8 or 930.4 is a clear expression of an independent state law basis.[37]

"A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief," and the burden is on the petitioner to prove inadequacy.[38] Petitioner has presented no evidence that articles 930.8 and 930.4 are applied irregularly, and the Fifth Circuit has previously held they are adequate grounds invoked regularly by Louisiana courts.[39] Petitioner presented

---

[36] *See Wilson v. Seller*, 138 S. Ct. 1188, 1192 (2018); *see also Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012) (stating courts "look to the 'last reasoned opinion,' and where a higher state court has ruled on a petitioner's motion on grounds different than those of the lower court, [courts] review the higher court's decision alone").
[37] *See, e.g.*, *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Ardison v. Cain*, 264 F.3d 1140 (5th Cir. 2001), 2001 WL 822445, at *4-5 (unpublished); *see also Besse v. Tanner*, No. 16-2992, 2017 WL 2936311, at *8 (E.D. La. July 7, 2011).
[38] *Lott v. Harget*, 80 F.3d 161, 165 (5th Cir. 1996) (citing *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995)).
[39] *See, e.g.*, *Glover*, 128 F.3d at 902; *Ardison v. Cain*, 264 F.3d 1140, 2001 WL 822445, at *4-5; *see also Besse*, 2017 WL 2936311, at *8.

his standalone Confrontation Clause claim to state courts in his second application in 2018, five years after his conviction became final and five years after he filed his first habeas application. Although he argues he presented the claim in his first 2013 application, the Louisiana Supreme Court held otherwise on review of the first application.[40] On review of the second application in 2018, the Louisiana Supreme Court held the standalone Confrontation Clause claim is procedurally barred as untimely as repetitive.[41] This holding has a foundation in the record and state law, and without a showing otherwise by Petitioner, the presumption of adequacy and the procedural bar must stand.[42] That is all adequacy requires. Petitioner's arguments that Louisiana courts erred in misconstruing his first application for postconviction relief as excluding his standalone Confrontation Clause claim, incorrectly labelling his "motion to correct error" as a second application for postconviction relief, and denying him an opportunity to explain why he had not included his standalone Confrontation Clause claim in his first application must fail, because this Court has no authority to review state-court decisions on state-law questions.[43]

A petitioner may "overcome a procedural bar . . . [by] show[ing] cause for the default and actual prejudice, or that a miscarriage of justice will occur if the federal court does not consider the claim."[44] Cause is "'something external to the petitioner, something that cannot fairly be attributed to him' that impedes his efforts to comply with the [state]

---

[40] *Thibodeaux*, No. 2016-KP-0994 (La. 10/27/17), 227 So. 3d 811; R. Doc. 6-2, at 52-55.
[41] *Thibodeaux*, No. 2019-KP-01663 (La. 7/24/20), 299 So. 3d 58.
[42] *See, e.g.*, *Davis v. Johnson*, No. CIV. A. 4:00CV684–Y, 2001 WL 611164, at *4 & n.10 (N.D. Tex. May 30, 2001); *Johnson v. Lensing*, No. 99-0005, 1999 WL 562728, at *4 (E.D. La. July 28, 1999); *Poree v. Cain*, No. 97-1546, 1999 WL 518843, at *4 (E.D. La. July 20, 1999).
[43] *See, e.g.*, *Lee*, 2004 WL 2984274, at *1 n.2; *Trevin*, 168 F.3d at 184. Regarding Petitioner's claim he received no opportunity to explain the reason for his second application to the Louisiana Supreme Court, the court noted Petitioner could attempt to "show that one of the narrow exceptions authorizing the filing of a successive application applie[d]." *Thibodeaux*, No. 2019-KP-01663, at p. 2, 299 So. 3d at 58.
[44] *Gonzales v. Davis*, 924 F.3d 236, 242 (5th Cir. 2019).

7

procedural rule."[45] An ineffective assistance of counsel claim may qualify as adequate cause for default.[46] The Magistrate Judge found Petitioner demonstrated no cause because Petitioner's ineffective assistance of counsel claim fails and because there was no evidence of other external interference.[47] In his objections, Petitioner argues the Magistrate Judge erred by finding no merit in his ineffective assistance of counsel claim.[48] The Court construes this objection as one to the Magistrate Judge's finding of no cause for the default. However, for the reasons stated below, and as the Magistrate Judge ruled, Petitioner's ineffective assistance of counsel claim fails. Petitioner points to no other external factors that prevented him from clearly raising his standalone Confrontation Clause claim in his first application. Accordingly, the Court finds no cause that warrants overcoming the procedural bar. "If a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice."[49]

A petitioner may also overcome a procedural bar by showing a fundamental miscarriage of justice will occur if the Court does not review the merits of his claim. To do so, Petitioner must make a "colorable showing of factual innocence."[50] Petitioner argues the child victims in this case recanted after the audio video interviews that were shown at trial, and he would have been able to show his innocence if he had been able to cross-examine them.[51] However, Petitioner points to no evidence the victims recanted their

---

[45] *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004) (quoting *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1999)).
[46] *Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000).
[47] R. Doc. 31 at 25-26.
[48] R. Doc. 32 at 11.
[49] *Matchett*, 380 F.3d at 849.
[50] *Murray v. Quarterman*, 243 F. App'x 51, 55 (5th Cir. 2007) (quoting *Bagwell v. Dretke*, 372 F.3d 748, 756 (5th Cir. 2004)).
[51] R. Doc. 32 at 11.

8

testimony, and he points to no other evidence of his innocence. Thus, the Court finds he has not made a colorable showing of factual innocence.

For these reasons, the Court finds Petitioner's objections concerning his standalone Confrontation Clause claim meritless.

### B. Ineffective Assistance of Counsel

The Magistrate Judge found the Louisiana Supreme Court's denial of Petitioner's ineffective assistance of counsel claim for failure to provide proof of prejudice was not contrary to or an unreasonable application of law and fact.[52] In particular, the Magistrate Judge found that, while Petitioner's counsel was unreasonable in not objecting to the playing of the child victims' videos without first calling them as witnesses, Petitioner did not show this conduct prejudiced his case.[53] Petitioner objects to the Magistrate Judge's finding that there was no prejudice.[54] Petitioner generally cites cases discussing the standard for violations of the Confrontation Clause, not ineffective assistance of counsel, arguing the government has not shown that the error was harmless.[55] He then argues that, had he been able to cross-examine the child victims, he would have been able to show that they recanted the claims against him.[56]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

---

[52] R. Doc. 31 at 29-48.
[53] *Id.*
[54] R. Doc. 32 at 11.
[55] *Id.* at 5-10.
[56] *Id.* at 11. Petitioner does not challenge the Magistrate Judge's findings concerning his counsel's objective unreasonableness.

9

by the Supreme Court of the United States."[57] Ineffective assistance of counsel is a mixed question of law and fact.[58] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[59] AEDPA requires that a federal court "accord the state trial court substantial deference."[60]

Claims for ineffective assistance of counsel are governed by the standards of *Strickland v. Washington*.[61] Under *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[62] Thus, Petitioner's argument that the burden is on the government to show harmless error is incorrect.[63] "The petitioner must 'affirmatively prove,' not just allege, prejudice."[64] As stated, Petitioner presents no proof that the child victims recanted the statements they gave on the videos, or even that their testimony would have been any different from that in the videos if they had testified in person. His argument that their testimony would have proved his innocence is mere speculation. Accordingly, the Court does not find the Louisiana Supreme Court's denial of relief contrary to or an unreasonable application of *Strickland*.

---

[57] 28 U.S.C. § 2254(d)(1).
[58] *Strickland v. Washington*, 466 U.S. 668, 698 (1984).
[59] *Young v. Stephens*, 795 F.3d 484, 489-90 (5th Cir. 2015) (quoting *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006)).
[60] *Brumfield v. Cain*, 576 U.S. 305, 314 (2015).
[61] 466 U.S. 668 (1984).
[62] *Id.* at 694.
[63] *Coleman v. Vannoy*, 963 F.3d 429, 434 (5th Cir. 2020) (footnote omitted) ("[T]he harmless-error doctrine differs in important ways from [ineffective assistance of counsel] prejudice. In the former, it is the state's burden to prove harmlessness beyond a reasonable doubt; in the latter, it is the defendant's burden to prove a reasonable probability that the result would have been different.").
[64] *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009).

## CONCLUSION

The Court finds no merit in Petitioner's objections. The Petitioner has failed to specifically object to the remaining findings of the Magistrate Judge, so the Court reviews them under a clearly erroneous or contrary to law standard. The findings are not clearly erroneous or contrary to law.

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Currault's Report and Recommendation[65] as its own and hereby **DENIES** Petitioner's application for relief.

**IT IS ORDERED** that the above-captioned matter be **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, on this 27th day of September, 2021.**

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[65] R. Doc. 31.